IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHEL FAMILIA-MORETA,

Petitioner,

v.

WARDEN E. EMMERICH,

Respondent.

OPINION and ORDER

26-cv-648-jdp

---

Petitioner Michel Familia-Moreta, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. *See* Dkt. 1 and Dkt. 23. Familia-Moreta contends that Bureau of Prison officials have unlawfully denied him earned-time credit under the First Step Act (FSA) based on an erroneous determination that he is subject to a final order of removal.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

The petition is an abuse of the writ of habeas corpus because it seeks relief on essentially the same basis as a prior petition that I dismissed in part for lack of jurisdiction and otherwise denied on the merits. And the new petition fails for essentially the same reasons as the prior petition. Accordingly, I will dismiss the petition with prejudice and close the case.

## BACKGROUND

The background is drawn in part from my prior opinion. *See* 24-cv-914-jdp, Dkt. 16. Familia-Moreta is a native and citizen of the Dominican Republic. In January 2024, Familia-Moreta was sentenced to 87 months' imprisonment in the District of Puerto Rico following his guilty plea to conspiracy to import a controlled substance. *See United States v. Familia-Moreta*, 16-cr-729-4, Dkt. 964 and Dkt. 965. Familia-Moreta is incarcerated at FCI Oxford and has a projected release date of March 10, 2028.

In July 2024, the Department of Homeland Security issued a notice and order of expedited removal against Familia-Moreta. He later brought the '914 case, contending that BOP officials had unlawfully denied him FSA time credit based on an erroneous determination that he was subject to a final order of removal. *See* Dkt. 3 in '914 case, at 2 (summarizing petition's allegations). I initially dismissed that case for failure to exhaust administrative remedies but, after Familia-Moreta showed that he had met the exhaustion requirement, I reopened the case and considered the petition on the merits. *See* Dkt. 6 in the '914 case. I concluded that the court lacked jurisdiction to hear Familia-Moreta's challenges to the validity of his expedited order of removal. Dkt. 16 in the '914 case, at 1–3. I otherwise denied the petition because the evidence showed that Familia-Moreta was subject to an expedited order of removal, which precluded the application of his FSA time credit to his sentence. *See id.* at 2–3. Familia-Moreta did not appeal that judgment.

In April 2026, while still incarcerated at FCI Oxford, Familia-Moreta brought a new § 2241 petition in the Eastern District of Wisconsin. *See* Dkt. 1. In July 2026, the petition was transferred to this court on venue grounds. Dkt. 9. As in his prior petition, Familia-Moreta contended that BOP officials had unlawfully denied him FSA time credit based on an erroneous

determination that he was subject to an expedited order of removal. *See* Dkt. 1 at 2–3. Initially failing to recognize that the petition was successive, the court ordered the government to answer the petition. Dkt. 11.

The government contended that the petition was moot. Dkt. 17 at 1. The government explained that after Familia-Moreta filed the petition, it canceled the expedited order of removal and issued a final administrative order of removal. *Id.*

In his reply, Familia-Moreta contends that the final administrative order of removal is unlawful and thus does not preclude the application of his FSA time credit to his sentence. *See* Dkt. 23. He also contends that if 8 U.S.C. § 1252 strips the court of jurisdiction to hear his challenges to the validity of the final administrative order of removal, the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, would allow the court to hear the petition. *See id.* at 3.

## ANALYSIS

### A. Abuse of the writ

A petitioner's ability to bring a § 2241 petition is limited by equitable principles, including the abuse-of-the-writ doctrine. *Mandacina v. Entzel*, 991 F.3d 758, 762 (7th Cir. 2021). This doctrine generally prohibits a § 2241 petitioner from bringing claims that were resolved, or could have been resolved, in an earlier petition. *Gorbey v. Gilley*, No. 23-3344, 2024 WL 3988928, at *1 (7th Cir. Aug. 29, 2024); *see also Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009) (a federal court may decline to entertain a successive petition under § 2241 unless the law has changed or new facts have come to light).

The petition in this case is essentially the same as the petition in the '914 case. In both, Familia-Moreta contended that BOP officials had unlawfully denied him FSA time credit based

on an erroneous determination that he was subject to an expedited order of removal. Familia-Moreta did not acknowledge the prior petition in his original petition in this case or show that the law had changed or that new facts had come to light. The petition here was plainly an attempt to get another chance in this court to challenge the expedited order of removal.

There is a wrinkle. While this action was pending, the government canceled the expedited order of removal and obtained a final administrative order of removal. In his reply, Familia-Moreta challenges the validity of that order, not the now-defunct expedited order of removal. But that development does not excuse Familia-Moreta's initial decision to bring a successive petition challenging the expedited order of removal on essentially the same basis as the prior petition.

This petition is an abuse of the writ and could be dismissed on this basis alone. But I will go on to address Familia-Moreta's challenge to his denial of FSA time credit.

**B. Exclusive jurisdiction of court of appeals**

The new petition has more substantive problems. The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Familia-Moreta is subject to a final administrative order of removal. *See* Dkt. 19 ¶¶ 6–8, 10–11; Dkt. 19-4 at 2. This fact plainly bars the application of his earned-time credit to his sentence. *See Altamirano v. Emmerich*, No. 25-3197, 2026 WL 3151996, at *1 (7th Cir. Oct. 21, 2026) (citing § 3632(d)(4)(E)(i)).

Familia-Moreta contends that the final administrative order of removal is invalid because it was "obtained in violation of [his] procedural rights." Dkt. 23 at 1. But the basic rule is that only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1225(a)(5). Familia-Moreta contends that, despite the ostensible jurisdictional bar in § 1252(a), the Suspension Clause allows the court to hear his petition. He is mistaken. "The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals." *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing § 1252(a)(5)); *see also Sinisterra Mosquera v. Emmerich*, No. 26-cv-528-jdp, 2026 WL 2363613, at *2 (W.D. Wis. Aug. 14, 2026).

The evidence shows that Familia-Moreta is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. So, in addition to dismissing the petition as an abuse of the writ, I will deny Familia-Moreta's request for the court to rule his final order of removal invalid for lack of jurisdiction. The petition is otherwise dismissed on the merits.

## ORDER

IT IS ORDERED that:

1. Petitioner Michel Familia-Moreta's petition, *see* Dkt. 1 and Dkt. 23, is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close the case.

Entered November 16, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge